IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| FRANKE WATER SYSTEMS AG, and KWC AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NUMBER: |
| HOMECLICK, LLC, | ) ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES**

This is an action at law and in equity for false advertising, trademark infringement, and copyright infringement arising under the laws of the United States of America, codified at 15 U.S.C. § 1051 *et seq.* and 17 U.S.C. § 501 *et seq.*, as well as and under the laws of the State of Georgia.  Come now, FRANKE WATER SYSTEMS AG ("FRANKE WS"), as successor in interest to KWC AG, and KWC America, Inc. ("KWC US" and collectively with FRANKE WS, "Plaintiffs", "KWC", or the "KWC Plaintiffs"), and file this, their Complaint for Injunctive Relief and Damages against Defendant Homeclick, LLC, respectfully showing the Court as follows:

## The Parties

1.

Plaintiff FRANKE WS is a wholly owned subsidiary of Franke Holding AG, both Swiss corporations.  Plaintiff FRANKE WS sells KWC products in the United States through its wholly owned subsidiary, KWC US.

2.

Plaintiff KWC US is a Georgia corporation licensed to do business in the United States.   Plaintiff KWC US has its principal place of business at 1770 Corporate Drive, Suite 580, Norcross, Georgia 30093.

3.

On information and belief, Defendant Homeclick, LLC ("Defendant Homeclick"), is a New Jersey limited liability company and is soliciting and/or transacting business in the Northern District of Georgia and elsewhere on the World Wide Web through an interactive website, www.homeclick.com.

## Jurisdiction and Venue

4.

This Court has exclusive federal jurisdiction over the subject matter of Plaintiffs' Verified Complaint under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367(a).

5.

On information and belief, Defendant Homeclick is subject to the personal jurisdiction of this Court because Defendant Homeclick operates a fully interactive commercial website that solicits and/or transacts business in this district on a regular basis, has persistent conduct in this district, and derives substantial revenue in this district. Furthermore the acts complained of herein occurred and are occurring in this district, such that Defendant Homeclick's tortious conduct has caused injury in this district.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**Factual Background**

7.

At all times relevant hereto up through June 26, 2014, KWC AG, a Swiss company, was the sole shareholder of KWC US and was engaged in the business of designing, manufacturing, selling and distributing kitchen and bathroom products, including KWC brand faucets and accessories, as well as cooling and air conditioner products. The KWC brand has been in existence for over 100 years.

8.

On June 26, 2014, KWC AG merged into Franke Washroom Systems, AG. The surviving entity created by that merger is Franke Water Systems AG, or Franke WS.

9.

Plaintiff KWC US is now a wholly owned subsidiary of FRANKE WS and serves as FRANKE WS's distributor of KWC products in North America. Prior to June 26, 2014, KWC US was a wholly owned subsidiary of KWC AG and served as KWC AG's distributor of KWC products in North America.

10.

FRANKE WS, as successor in interest to KWC AG, is the owner and registrant of numerous United States trademark registrations relating to the KWC brand and the kitchen and bathroom products that it designs, manufactures and sells in the United States through KWC US. True and correct copies of FRANKE WS's registrations are attached hereto as Exhibit "A" (the "KWC Marks"). These registrations are valid, subsisting and incontestable.

11.

KWC US, as FRANKE WS's wholly owned subsidiary and exclusive distributor of KWC products in North America, has a license to use FRANKE

WS's Marks. KWC AG (and now FRANKE WS) and KWC US have been commercially using the aforementioned marks in connection with their business in interstate commerce for many years. The KWC Plaintiffs have given notice of their registered rights by using the ® symbol in connection with the KWC Marks.

12.

The KWC Plaintiffs have expended a substantial amount of money and effort in advertising and promoting the KWC Marks in furtherance of their business. The KWC Plaintiffs' substantial promotional, advertising, publicity, and public relations activities, further promote the recognition and reputation associated with the KWC Marks.

13.

The KWC Marks are inherently distinctive and/or unique such that they have become associated with KWC in the mind of the public, and are relied upon by the public to identify the products associated therewith as having originated from KWC. The KWC Plaintiffs' widespread and substantial use of the KWC Marks has conferred upon KWC rights of such strength that the KWC Marks have become "famous" within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125 (c).

14.

As part of its business, KWC AG created advertising photographs for each of the products that it (and now FRANKE WS) designs, manufactures, sells and distributes.

15.

On or about 2005, KWC AG created the KWC DOMO, KWC EVE, KWC LUNA, and KWC SYSTEMA photographs (the "KWC DOMO, et al." photographs"), true and correct copies of which are attached hereto as Exhibit "B" and are incorporated herein by this reference.

16.

On or about 2012, KWC AG created the KWC ONO Torch Light Pro, (previously known as KWC SAROS) photographs (the "KWC ONO Torch Light Pro" photographs), true and correct copies of which are attached hereto as Exhibit "C" and are incorporated herein by this reference.

17.

KWC AG applied to the U.S. Copyright Office for a Certificate of Registration of the "KWC DOMO, et al." photographs, and on June 15, 2012, said Registration Number VA 1-834-355 issued.   A true and correct copy of the Certificate of Registration for the KWC DOMO, et al. photographs, which includes

photographs of the KWC DOMO, KWC EVE, KWC LUNA, and KWC SYSTEMA is attached hereto as Exhibit "D" and is incorporated herein by this reference.

18.

KWC AG applied to the U.S. Copyright Office for a Certificate of Registration of the KWC ONO Touch Light Pro previously known as the KWC SAROS, photographs, and on April 1, 2013, said Registration Number VA 1-897-441 issued. A true and correct copy of the Certificate of Registration for the KWC ONO Torch Light Pro photographs is attached hereto as Exhibit "E" and is incorporated herein by this reference.

19.

Among other advertising, the photographs identified in Exhibits "B" through "E" herein (hereinafter collectively referred to as "KWC's Copyrighted Materials"), are currently used by FRANKE WS, and were formerly used by KWC AG, to market KWC products around the world, on the internet, and in catalogues, price lists, brochures and magazines, among other things.

20.

KWC US, formerly a wholly owned subsidiary of KWC AG and currently a wholly owned subsidiary of FRANKE WS, has licensing rights to use KWC's

Marks and Copyrighted Materials to advertise KWC products on the KWC
website, www.kwcamerica.com, through the websites of its authorized dealers and
distributors, and in catalogues, price lists, brochures and magazines, throughout the
United States and North America.

21.

Plaintiff KWC US offers KWC products to the public by way of its
authorized dealers and distributors ("ADs"). KWC's ADs have stand-alone
showrooms where they display KWC products. These ADs receive factory support
and sales training, and as a result of that support and training, are equipped to
handle any problems that might arise with a KWC product.

22.

KWC US offers a warranty to original purchasers of KWC products
("KWC's Warranty Policy"). A true and correct copy of KWC's Warranty Policy
is attached hereto as Exhibit "F." Pursuant to the Warranty Policy, KWC "will at
its option repair, replace, or refund the original purchase price of any product that
is determined to be defective in material or workmanship under conditions of
normal and proper installation, usage, and maintenance . . ."

23.

KWC's Warranty Policy only applies to products purchased through KWC US's authorized dealers and distributors.

24.

Upon information and belief, Defendant Homeclick is an internet retailer specializing in products for the home including bath, kitchen, lighting, home décor, fireplaces, outdoor, table top, recreation and furniture.

25.

Defendant Homeclick is not an authorized dealer or distributor for either FRANKE WS or for KWC US.

26.

Despite the fact that Defendant Homeclick IS NOT an authorized dealer or distributor for either of the KWC Plaintiffs, Defendant Homeclick prominently lists KWC as a brand represented by Homeclick on its website located at www.homeclick.com (the "Homeclick Website"), and falsely describes itself as an "AUTHORIZED DEALER" of KWC.  *See* Exhibit "G" attached hereto, a true and correct copy of the page from Defendant Homeclick's website whereon Defendant Homeclick falsely claims to be an authorized dealer for KWC.

27.

At the time of the filing of this Verified Complaint, Defendant Homeclick offered at least 59 different KWC kitchen faucets for sale on its website, 30 KWC shower-related products, 2 bar faucets, 3 bathroom faucets, and 17 bathtub-related products.

28.

In offering such products for sale, Defendant Homeclick uses both KWC's Marks and KWC's Copyrighted Materials.  Indeed, at the time of the filing of this Verified Complaint, Defendant Homeclick not only used KWC's Marks repeatedly on its website, but also used more than 100 images on its website that are a part of KWC's Copyrighted Materials and other copyrighted photographs.  *See* Exhibit "H" attached hereto, a true and correct copy of pages from Defendant Homeclick's Website containing the catalog of KWC products offered for sale by Defendant Homeclick using KWC's Marks and KWC's Copyrighted Materials and other copyrighted photographs.

29.

FRANKE WS has not given Defendant Homeclick a license to use KWC's Marks or KWC's Copyrighted Materials, and Defendant Homeclick is not otherwise authorized to use same.

30.

For each KWC product offered for sale on Defendant Homeclick's website, Defendant Homeclick provides a link to a) a pdf document entitled "KWC Warranty"; b) a pdf document containing KWC's product install guide for that specific product; and c) a pdf document containing KWC's product specifications for that specific product.  Attached hereto as Exhibit "I" is a true and correct copy of the page from Defendant Homeclick's website advertising the KWC Luna Pullout Spray Kitchen Faucet (the "Homeclick KWC Luna Page"), which shows the links to the three pdf documents referenced in this paragraph.  Attached hereto as Exhibit "J" is a true and correct copy of the pdf document underlying the KWC Warranty link referenced on the Homeclick KWC Luna Page.  Attached hereto as Exhibit "K" is a true and correct copy of the KWC product install guide referenced on the Homeclick KWC Luna Page.  Attached hereto as Exhibit "L" is a true and correct copy of the KWC product specifications referenced on the Homeclick KWC Luna Page.

31.

KWC has demanded that Defendant Homeclick cease and desist falsely representing itself as an authorized dealer for KWC, falsely representing that KWC products sold through Defendant Homeclick's website are covered by KWC's

warranty, and unlawfully displaying KWC's Copyrighted Materials on Defendant Homeclick's Website in conjunction with these false representations.  A true and correct copy of KWC US's March 26, 2014 letter to Defendant Homeclick is attached hereto as Exhibit "M" and is incorporated herein by this reference. Despite this demand, Defendant Homeclick failed to remove the false information and KWC's Copyrighted materials from its website.

32.

Defendant Homeclick's false representations that it is an authorized dealer for KWC and that the KWC products sold on Defendant Homeclick's website are covered by KWC's Warranty Policy, as well as Defendant Homeclick's unauthorized use of KWC's Marks and KWC's Copyrighted Materials, is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers as to some presumed but nonexistent affiliation, connection, sponsorship or association of Defendant Homeclick with KWC.

33.

Defendant Homeclick's false representations that it is an authorized dealer for KWC and that the KWC products sold on its website are covered by KWC's Warranty Policy, as well as Defendant Homeclick's unauthorized use of KWC's Marks and KWC's Copyrighted Materials, enables Defendant Homeclick to "free

ride" off of KWC's advertising, as well as KWC's hard-earned reputation for quality and customer service.

34.

Defendant Homeclick is being unjustly enriched at KWC's expense by its unauthorized use of KRK's Marks and Copyrights, and by its false representations that it is an authorized dealer for KWC and that the KWC products sold on its website are covered by KWC's Warranty Policy.

35.

Defendant Homeclick's unauthorized use of KWC's Marks and Copyrights, and its false representations that it is an authorized dealer for KWC and that the KWC products sold on its website are covered by KWC's Warranty Policy, places the valuable reputation and goodwill of KWC in the hands of Defendant Homeclick.

36.

Unless this Court immediately restrains these acts of Defendant Homeclick, Defendant Homeclick will continue to cause irreparable injury to KWC and to the public, for which there is no adequate remedy at law.

37.

Plaintiffs have performed all conditions precedent or all conditions precedent have occurred necessary before the filing of this action in order to pursue each of the counts and claims that follow.

## COUNT I: False Advertising - 15 U.S.C. § 1125 (a)(1)(A) Representation as "Authorized Dealer" for KWC

38.

Plaintiffs incorporate by reference paragraphs 1 – 37 as if they are set forth verbatim herein.

39.

In connection with its sale of goods on the internet, Defendant Homeclick represented itself as an authorized dealer for KWC.

40.

Defendant Homeclick is not an authorized dealer for KWC.

41.

Defendant Homeclick's false representation that it is an authorized dealer for KWC is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Homeclick with KWC.

42.

Defendant Homeclick intentionally falsely represented that it is an authorized dealer for KWC, when it is not.  In doing so, Defendant Homeclick intended to engage in false advertising in order to further its own business enterprise.

43.

Defendant Homeclick's false advertising of its affiliation with KWC has caused and will continue to cause serious and irreparable damage to the reputation and goodwill of KWC for which KWC is without an adequate remedy at law.

44.

Because of Defendant Homeclick's false advertising as described herein, Plaintiffs have been injured and damaged and are entitled to recover Defendant Homeclick's profits, additional damages sustained by Plaintiffs, and the costs of this action.  Plaintiffs are also entitled to recover treble damages and reasonable attorney's fees in this exceptional case where Defendant Homeclick engaged in intentionally false advertising.

## COUNT II:  False Advertising 15 U.S.C. § 1125 (a)(1)(A)
## Representation of Warranty Coverage for
## KWC products sold on Defendant's website

### 45.

Plaintiffs incorporate by reference paragraphs 1 – 44 as if they are set forth verbatim herein.

### 46.

In connection with its sale of goods on the internet, Defendant Homeclick represented itself as an authorized dealer for KWC, included KWC's Marks and Copyrighted Materials on its website, and included a link to a pdf document containing the same information that is set forth in KWC's Warranty Policy.

### 47.

Because Defendant Homeclick is not an authorized dealer for KWC, the KWC products sold on Defendant Homeclick's website are not covered by KWC's Warranty Policy.

### 48.

Defendant Homeclick's false representation that it is an authorized dealer for KWC and that KWC products sold on Defendant Homeclick's website are covered by KWC's Warranty Policy, is a false representation of the nature, characteristics and qualities of the KWC products Defendant Homeclick sells on its website.

49.

Defendant Homeclick has intentionally falsely represented that the KWC products that it sells on its website are covered by KWC's Warranty Policy, when they are not. Defendant Homeclick intended to engage in false advertising in order to further its own business enterprise.

50.

Defendant Homeclick's false advertising concerning the warranty coverage of KWC products sold on Defendant Homeclick's website has caused and will continue to cause serious and irreparable damage to the reputation and goodwill of KWC for which KWC is without an adequate remedy at law.

51.

Because of Defendant Homeclick's false advertising as described herein, Plaintiffs have been injured and damaged and are entitled to recover Defendant Homeclick's profits, additional damages sustained by Plaintiffs, and the costs of this action. Plaintiffs are also entitled to recover treble damages and reasonable attorney's fees in this exceptional case where Defendant Homeclick engaged in intentionally false advertising.

**COUNT III:  Trademark Infringement 15 U.S.C. § 1114 (1)**
**Defendant's use of KWC's Marks to sell**
**"materially different" KWC products**

52.

Plaintiffs incorporate by reference paragraphs 1 – 51 as if they are set forth verbatim herein.

53.

In connection with its sale of goods on the internet, Defendant Homeclick used the KWC Mark's without authorization from the KWC Plaintiffs.  In addition, Defendant Homeclick used the KWC Marks in representing itself to be an authorized dealer for KWC, in representing that the KWC products sold on Defendant Homeclick's website were covered by KWC's warranty and in conjunction with its unauthorized use of KWC's Copyrighted Materials.

54.

Because the KWC products offered for sale on Defendant Homeclick's website are not covered by KWC's Warranty Policy, the KWC products offered for sale by Defendant Homeclick are "materially different" than the KWC products that are sold through KWC's ADs.

55.

Accordingly, Defendant Homeclick's use of the KWC Marks in connection with its sale of KWC products on its website is likely to cause confusion, or to cause mistake, or to deceive.

56.

Defendant Homeclick has intentionally used KWC's Marks in connection with its sale of KWC products that are "materially different" than KWC products sold through KWC's ADs.  In doing so, Defendant Homeclick intended to infringe KWC's Marks in order to further its own business enterprise.

57.

Defendant Homeclick's infringement of KWC's Marks has caused and will continue to cause serious and irreparable damage to the reputation and goodwill of KWC for which KWC is without an adequate remedy at law.

58.

Because of Defendant Homeclick's trademark infringement as described herein, Plaintiffs have been injured and damaged and are entitled to recover Defendant Homeclick's profits, additional damages sustained by Plaintiffs, and the costs of this action.  Plaintiffs are also entitled to recover treble damages and

reasonable attorney's fees in this exceptional case where Defendant Homeclick engaged in willful trademark infringement.

## COUNT IV:  Copyright Infringement - 17 U.S.C. § 501
## Infringement of Photographs

59.

Plaintiffs incorporate by reference paragraphs 1 – 58 as if they are set forth verbatim herein.

60.

Defendant Homeclick has access to KWC's Copyrighted Materials and other copyrighted photographs through the KWC Plaintiffs' advertisements on the World Wide Web at the KWC US website, the websites of KWC's ADs, and in catalogues, price lists, brochures and magazines.

61.

Defendant Homeclick infringed and continues to infringe KWC's Copyrighted Materials and other copyrighted photographs by copying and publishing in the marketplace in this district, and all marketplaces reached by the World Wide Web, KWC's Copyrighted Materials.

62.

A true and correct copy of the pages from Defendant Homeclick's website containing the infringing material is attached hereto as Exhibit "N".

63.

KWC's Copyrighted Materials contain material wholly original to KWC AG and to FRANKE WS, as successor in interest, and constitute copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*

64.

Plaintiff FRANKE WS, as successor in interest to KWC AG, is the sole owner of all right, title and interest in and to the copyrights in the Copyrighted Materials.

65.

As a direct and proximate result of Defendant Homeclick's wrongful conduct, the KWC Plaintiffs have been damaged.

66.

Defendant Homeclick's infringement of KWC's Copyrighted Materials has caused and will continue to cause serious and irreparable damage to the KWC Plaintiffs for which Plaintiffs are without an adequate remedy at law.

67.

Because of Defendant Homeclick's copyright infringement as described herein, Plaintiffs have been injured and damaged and are entitled to recover actual damages as a result of Defendant Homeclick's infringement, as well as any profit

of Defendant Homeclick that is not taken into account when computing actual damages. 17 U.S.C. § 504(b). Alternatively, Plaintiffs may elect to recover statutory damages for each act of infringement perpetrated by Defendant Homeclick. 17 U.S.C. § 504(c).

68.

Plaintiffs may also be entitled to recover costs of the action, to include reasonable attorneys' fees under 17 U.S.C. § 505.

## COUNT IV – DECEPTIVE TRADE PRACTICES (O.C.G.A. § 10-1-372)

69.

Plaintiffs incorporate by reference paragraphs 1 – 68 as if they are set forth verbatim herein.

70.

Defendant Homeclick's false representation that it is an authorized dealer for KWC, false representation that the KWC products it sells on the Defendant Homeclick's website are covered by KWC's Warranty Policy, and Defendant Homeclick's unauthorized use of KWC's Marks and Copyrighted Materials, amount to deceptive trade practices under the law.

71.

Defendant Homeclick's false representation that it is an authorized dealer for KWC, its false representation that the KWC products it sells on Defendant Homeclick's website are covered by KWC's Warranty Policy, and Defendant Homeclick's unauthorized use of KWC's Marks and Copyrighted Materials, causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the KWC products sold on Defendant Homeclick's website.

72.

Defendant Homeclick's false representation that it is an authorized dealer for KWC, its false representation that the KWC products it sells on Defendant Homeclick's website are covered by KWC's Warranty Policy, and Defendant Homeclick's unauthorized use of KWC's Marks and Copyrighted Materials, causes a likelihood of confusion or of misunderstanding as to Defendant Homeclick's affiliation, connection, or association with or certification by KWC.

73.

Defendant Homeclick's false representation that it is an authorized dealer for KWC is a representation that Defendant Homeclick has sponsorship, approval,

status, affiliation, or connection with KWC that Defendant Homeclick does not have.

74.

Defendant Homeclick's false representation that the KWC products it sells on its website are covered by KWC's Warranty Policy is a representation that those KWC products have sponsorship or approval by KWC and that they have characteristics, such as warranty protection from KWC, that they do not have.

75.

Defendant Homeclick's false representation that the KWC products it sells on Defendant Homeclick's website are covered by KWC's Warranty Policy is a representation that those KWC products are of a particular standard or quality, such that those products are protected by KWC's Warranty Policy, when they are not.

76.

Defendant Homeclick's false representation that it is an authorized dealer for KWC, when it is not, was made by Defendant Homeclick with knowledge that such representation was untrue and deceptive.

77.

Defendant Homeclick's false representation that the KWC products sold on its website were covered by KWC's Warranty Policy, when they are not, was made by Defendant Homeclick with knowledge that such representation was untrue and deceptive.

78.

Defendant Homeclick's use of KWC's Marks and Copyrighted Materials without authorization was with knowledge that its use of KWC's intellectual property was unauthorized and deceptive.

79.

KWC is likely to or has suffered damage as a result of Defendant Homeclick's deceptive conduct.

80.

Defendant Homeclick's deceptive trade practices as described herein, has caused and will continue to cause serious and irreparable damage to KWC for which KWC is without an adequate remedy at law.

81.

Because of Defendant Homeclick's deceptive trade practices as described herein, Plaintiffs have been injured and damaged and are entitled to recover costs and attorney's fees pursuant to O.C.G.A. § 10-1-373 (b).

82.

Defendant Homeclick's actions as set forth herein demonstrate bad faith, stubborn litigiousness or have caused Plaintiffs unnecessary trouble and expense, such that Plaintiffs are entitled to recover damages from Defendant Homeclick for their costs of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

83.

Defendant Homeclick's actions as set forth herein show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to the consequences of such actions, which therefore require that Plaintiffs be awarded punitive damages in an amount sufficient to punish, penalize, or deter Defendant Homeclick from engaging in this behavior in the future.

**<u>RELIEF SOUGHT</u>**

WHEREFORE, Plaintiffs pray that the Court do the following:

1.     Permanently enjoin and restrain Defendant Homeclick, its principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, from:

a.    continuing to engage in false advertising under the Lanham Act by falsely representing that Defendant Homeclick is an authorized dealer for KWC;

b.    continuing to engage in false advertising under the Lanham Act by falsely representing that the KWC products sold on Defendant Homeclick's website are covered by KWC's Warranty Policy;

c.    continuing to infringe KWC's Marks under the Lanham Act by using KWC's Marks to advertise and sell KWC products that are "materially different" from the KWC products sold by KWC's ADs;

d.    continuing to infringe KWC's Copyrighted Materials by using such materials without authorization on Defendant Homeclick's website;

e.    continuing to infringe KWC's Copyrighted Materials by imitating, copying, or making unauthorized use of such materials in any matter, and from otherwise disposing of any copies of KWC's Copyrighted Materials;

f.    continuing to infringe KWC's Copyrighted Materials by distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product through any website containing any of KWC's Copyrighted Material;

g.     continuing to infringe KWC's Copyrighted Materials by using any simulation, reproduction, counterfeit, copy, or colorable imitation of such materials, in connection with the promotion, advertisement, display, sale, offering for sale, circulation, or distribution of any product or service;

h.     continuing to engage in deceptive trade practices by falsely representing that Defendant Homeclick is an authorized dealer for KWC;

i.     continuing to engage in deceptive trade practices by falsely representing that the KWC products sold on Defendant Homeclick's website are covered by KWC's Warranty Policy;

j.     continuing to engage in deceptive trade practices by using KWC's Marks and Copyrighted Materials without authorization;

2.     Direct Defendant Homeclick to file with the Court and serve on Plaintiffs a report setting forth the manner and form in which compliance with the injunction against infringement has been made pursuant to 15 U.S.C. § 1116;

3.     Direct Defendant Homeclick to delete Plaintiffs Copyrighted Materials from the Homeclick website;

4.     Direct Defendant Homeclick to deliver up to be impounded during the pendency of this action under 17 U.S.C. § 503 all copies of KWC's Copyrighted Materials in Defendant's possession or under Defendant's control and to deliver up for destruction all infringing copies;

5.     Award to Plaintiffs all damages sustained as a result of Defendant Homeclick's false advertising and trademark infringement under the Lanham Act pursuant to 15 U.S.C. § 1117 (a), including Defendant Homeclick's profits and additional damages sustained by Plaintiffs (in an amount up to three times actual damages incurred);

6.     Award to Plaintiffs all damages sustained as a result of Defendant Homeclick's copyright infringement to be measured as actual damages incurred, plus any profits of Defendant Homeclick, or alternatively, at Plaintiffs' election, an award of statutory damages pursuant to 17 U.S.C. § 504;

7.     Award to Plaintiffs punitive damages in an amount sufficient to punish, penalize, or deter Defendant Homeclick from engaging in this behavior in the future pursuant to O.C.G.A. 51-12-5.1;

8.     Award to Plaintiffs all costs incurred in this action pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505 and O.C.G.A. § 10-1-373(b);

9.    Award to Plaintiffs reasonable attorneys' fees incurred in the pursuit of this action pursuant to 15 U.S.C. § 1117 (a), 17 U.S.C. § 505, O.C.G.A. § 10-1-373 (b), and O.C.G.A. § 13-6-11;

10.   That this matter be tried by a jury; and

11.   Award to Plaintiffs such other and further relief as the Court may consider appropriate.

The undersigned herby certifies that this Complaint has been prepared in Times New Roman, 14 point font.

This 3rd day of November, 2014.

Respectfully submitted,

ANDERSEN, TATE & CARR, P.C.


/s/ Elizabeth L. Clack-Freeman
Thomas T. Tate
ttate@atmlawfirm.com
State Bar No. 698879
Elizabeth L. Clack-Freeman
lcfreeman@atmlawfirm.com
State Bar No. 126888
Tyler A. Dillard
State Bar No. 115229
Attorneys for Plaintiff

1960 Satellite Blvd., #4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Fax:   (770) 822-9680
2167626_1

## **VERIFICATION**

Personally appeared before the undersigned attesting officer, duly authorized by law to administer oaths, David Delle Monache, who, after being duly sworn, deposes and states that the facts contained in the within and foregoing VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES are true and correct to the best of his knowledge.


David Delle Monache


Sworn to and subscribed before me
This _31st_ day of October, 2014.


Notary Public


2167626_1