**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FRANKE WATER SYSTEMS AG and KWC AMERICA, INC., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:14-CV-03543-ELR |
| HOMECLICK, LLC, | * * | |
| Defendant. | * | |

_____

**O R D E R**

_____

This matter is before the Court on the parties' "Consent Permanent Injunction" (Doc. No. 17). On September 3, 2014, Plaintiffs Frank Water Systems AG ("FWS") and KWC America, Inc. ("KWC"), filed this action against Defendant Homeclick for false advertising, trademark infringement, and copyright infringement. The parties now contend they have settled these claims, without admission of liability, and request the Court enter an order permanently enjoining "Defendant, its principals, agents, servants, employees, successors, and assigns, and all those in active concert of participation with them (collectively 'Defendants')," from engaging in certain conduct.

"The entry of a consent decree is more than a matter of agreement among litigants. It is a judicial act." League of United Latin Am. Citizens, Council No. 4434 v. Clements, 999 F.2d 831, 845 (5th Cir. 1993) (quoting United States v. Swift & Co., 286 U.S. 106, 115 (1932)) (internal quotations and punctuation omitted). Further, the Eleventh Circuit has held that "[d]istrict courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." Stovall v. City of Cocoa, Fla., 117 F.3d 1238, 1240 (11th Cir. 1997) (citing Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977)).

After a review of the record and with guidance from the principles set forth above, the Court issues the injunction set forth below because the parties have knowingly and willingly consented to its terms and because its issuance obviates the need for further litigation. It is hereby **ORDERED** that Defendants are permanently enjoined from:

1) Representing to any person or entity that Defendant Homeclick is an authorized dealer for Plaintiff FWS or for Plaintiff KWC;

2) Representing to any person or entity that any KWC product sold by Defendant Homeclick is covered under KWC's Warranty Policy;

3) Using any of the "KWC Marks," as that term is defined in Plaintiff's Verified Complaint for Injunctive Relief and Damages (the "Complaint") filed in this action;

4) Using any of "KWC's Copyrighted Materials," as that term is defined in the Complaint, to sell any KWC product on Defendant Homeclick's website, without the prior, written authorization of Plaintiff KWC, which is only valid if received from Plaintiff KWC's President;

5) Selling any KWC product on Defendant Homeclick's website without the prior written authorization of Plaintiff KWC, which authorization is only valid if received from Plaintiff KWC's President; and

6) Selling any KWC product on any website without the prior, written authorization of Plaintiff KWC, which authorization is only valid if received from Plaintiff KWC's President.

Further, both parties are **ORDERED** to bear their own expenses and attorneys' fees incurred up to the date this Order issues. The Court shall retain jurisdiction over this action for the purpose of enforcing this Order. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this 12th day of March, 2015.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia